NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MICHAEL TOLAN, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> MARC FEDORCHAK, JOHN : <br> ACCARDI, KEVIN DOYLE, BOROUGH : <br> OF ORADELL, JOHN DOE #1, AND : <br> BOROUGH OF EMERSON, : <br> : <br> Defendants. : | Hon. Dennis M. Cavanaugh <br><br> **OPINION** <br><br> Civil Action No. 07-CV-3870 (DMC) |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Defendants, Marc Fedorchak, John Accardi, Kevin Doyle, the Borough of Oradell, John Doe #1, and the Borough of Emerson (collectively "Defendants") for summary judgment pursuant to Fed. R. Civ. P. 56(c). Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Defendants' motion for summary judgment is **granted**.

I.     **BACKGROUND**[1]

Plaintiff, Michael Tolan ("Tolan"), alleges that Defendants violated his civil rights as protected by 42 U.S.C. § 1983 and 42 U.S.C. § 1985. On July 31, 2005, Defendant Officer Kevin

---

[1] The facts set forth in this Opinion are taken from the parties' statements in their respective papers.

Doyle of the Oradell Police Department arrested Tolan for driving while intoxicated ("DWI"), and transported Tolan to Fort Lee in order to question him about an assault and domestic violence charge brought against him earlier in the evening by Ms. Kimberly Lizzette. Several hours prior to the arrest, Ms. Lizzette notified Defendant Officer Marc Fedorchak that Tolan grabbed her wrist during a scuffle. Tolan alleges that some time prior to July 2005, Officer Fedorchak and Ms. Lizzette developed a romantic relationship.

The assault and domestic violence charges against Tolan were voluntarily dismissed without ever proceeding to trial. However, Tolan was found guilty of DWI after a trial in the Northvale Municipal Court and received a six month driving suspension and was directed to attend the Intoxicated Driver Resource Center Program ("IDRC").

On September 10, 2005, Officer Doyle stopped Tolan for violating a traffic ordinance and issued a summons. Tolan contends that in the course of this stop Officer Doyle grabbed him by his shirt, tapped him on the face, and cautioned him to "watch his step." Officer Doyle denies the allegations that he touched or cautioned Tolan. Tolan subsequently filed a criminal complaint against Officer Doyle, which was later dismissed by the Northvale Municipal Court as "unsubstantiated." Tolan also filed an Internal Affairs complaint against Officer Doyle in September.

In October 2005, a representative of the Oradell Police Department asked Tolan to meet with Detective Olansky and Captain Maggio to discuss the Internal Affairs complaint against Officer Doyle. Tolan alleges that during this meeting Detective Olansky and Captain Maggio threatened him, saying "you [Tolan] belong in jail" and "your job would be interested in what you've been

doing here." Defendants deny the allegation that the officers threatened Tolan.[2] Tolan further alleges that Olansky and Maggio called his employer, ConEdison, and "spoke disparagingly of Tolan to the point where his supervisors encouraged him to resign, rather than be fired." Defendants deny that Olansky and Maggio called Tolan's place of employment. On June 10, 2006, Tolan failed to appear for a court-mandated appearance in the Fort Lee Municipal Court, claiming he was severely ill. Due to the same illness, Tolan missed an IDRC meeting. On July 24, 2006 and July 26, 2006, the Fort Lee and Oradell Municipal Courts, respectively, issued bench warrants for Tolan's failures to appear.

Tolan asserts that on July 29, 2006, he went to the Fort Lee Police Department and posted bail in the amount of $2,500 to cover the bench warrant issued for that venue. He also placed a $500 cash deposit as bail to cover his missed appearance at the IDRC meeting, as required by the Oradell bench warrant. Tolan alleges that a Fort Lee sergeant assured him that his $500 cash bail would be "posted online in a manner that was available to all police agencies including Oradell, that he had fully satisfied both bench warrants, and he had no need to fear arrest on either of them."

On August 2, 2006, Officer Fedorchak approached Tolan in Schreiber's Deli in Oradell. Upon seeing Officer Fedorchak, Tolan asked him what he wanted. Officer Fedorchak responded by saying "you're coming with me today," a demand based upon Fedorchak's understanding that Tolan was the subject of two outstanding bench warrants. Tolan explained that he took care of the warrants five days ago and asked Officer Fedorchak to double check. When Officer Fedorchak asked Tolan where he posted bail, Tolan responded that he paid it in Fort Lee. Tolan told Officer Fedorchak that

---

[2] Officers Olansky and Maggio are not named in Plaintiff's Complaint. Defendant Oradell Police Department denies Plaintiff's allegations against the two officers.

the receipts for such payments were at his house.

Officer Fedorchak asserted in his deposition that when he informed Tolan that he had outstanding bench warrants, Tolan "shouted at [him], screame[d] at [him], [telling him] to F [him]self." Officer Fedorchak stated that Officer Campbell, who arrived to assist him, telephoned Sergeant Florio at the Oradell precinct to confirm that there were active bench warrants for Tolan. During this telephone call, Officer Fedorchak stated that he told Tolan, "calm down, relax. You know we're going to work this out. No big deal. Come with us. If you paid it you'll be out." After Sergeant Florio confirmed that Tolan's bench warrant in Oradell was active, Officer Campbell told Tolan to place his hands behind his back and said that he was under arrest. Officer Fedorchak then proceeded to move behind Tolan to handcuff him, at which point Tolan began backing up and allegedly "put his arm up in a fist by his head in a motion to go after Officer Campbell." According to Officer Fedorchak's deposition, Officer Campbell used pepper spray on Tolan after Tolan made the motion to strike him. Tolan covered his face and ran toward the back door of the deli.

Officer Fedorchak stated that a deli employee tried to stop Tolan from leaving the store by stepping in front of him; a struggle ensued and Officer Campbell grabbed Tolan's arms telling him to put his hands behind his back. Shortly thereafter, Sergeant Accardi entered the deli and assisted Officers Fedorchak, Campbell and the deli employee in subduing and handcuffing Tolan. The deli employee's witness statement corroborates the officers' description of the events.

Tolan was then arrested and taken to the Bergen Regional Medical Center, where he was incarcerated in the Sherriff's Secured Unit until August 9, 2006. Thereafter, Tolan was transferred to the Bergen County Jail, where he remained until August 17, 2006. On April 5, 2007, Tolan plead

guilty to resisting arrest and assaulting a police officer. On August 14, 2007, Tolan brought this action alleging that: **(A)** Officer Fedorchak violated his Fourth and Fourteenth Amendment rights; and **(B)** Officers Fedorchak, Doyle, and John Doe #1 violated 42 U.S.C. §1985(3); Tolan further asks the Court to **(C)** exercise supplemental jurisdiction over his state tort claims of negligence, assault and false arrest. On January 19, 2009, Defendants moved for summary judgment, claiming that no impropriety occurred during Tolan's August 2, 2006 arrest, and denying that they violated Tolan's constitutional rights.

## II.    STANDARD OF REVIEW

Summary judgment is granted only if all probative materials of record, viewed with all inferences in favor of the non-moving party, demonstrate "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "In determining whether there are any issues of material fact, the Court must resolve all doubts as to the existence of a material fact against the moving party and draw all reasonable inferences – including on issues of credibility – in favor of the non-moving party." Newsome v. Admin. Office of the Courts of the State of N.J., 103 F. Supp. 2d 807, 815 (D.N.J. 2000), aff'd, 51 Fed. Appx. 76 (3d Cir. 2002) (citing Watts v. Univ. of Del., 622 F.2d 47, 50 (3d. Cir. 1980)). The moving party bears the burden of showing that there is no genuine issue of fact. See id. The non-moving party "may not rest upon the mere allegations or denials of his pleading" to satisfy this burden, but must produce sufficient evidence to support a genuine issue of fact for trial requiring a trial. See Fed. R. Civ. P. 56(e); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986); Schoch v. First Fid. Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990).

### III. DISCUSSION

    A.    **Plaintiff's 42 U.S.C. § 1983 Claims**[3]

To state a cause of action for unlawful arrest pursuant to 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) a violation of a right secured by the Constitution or federal law; and (2) that the violation of that right was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Section 1983, however, "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by . . . the United States Constitution and federal statutes." Baker v. McCollan, 443 U.S. 137, 145 n.3 (1979). Thus, the lawsuit will stand only insofar as the plaintiff can prove "the *sine qua non* of a § 1983 action: the violation of a federal right." Id.; see also Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970).

Here, Tolan alleges that Officer Fedorchak violated his Fourth Amendment right to be free from unreasonable search and seizure, and his due process rights under the Fourteenth Amendment. It is clear that Officer Fedorchak was acting in his official capacity during the August 2, 2006 confrontation and arrest, thus satisfying the state action requirement for a 1983 action. The next inquiry, then, is whether there is a genuine issue of material fact concerning the alleged violation of Tolan's Constitutional rights.

    1.    *Tolan's Fourth Amendment Claim*

Tolan asserts that Officer Fedorchak violated his Fourth Amendment right not to be "unreasonably seized" during his August 2, 2006 arrest. To establish an unreasonable seizure in violation of the Fourth Amendment a plaintiff must show: (1) that he or she was "seized"; and (2)

---

[3] Plaintiff pleads a claim based upon a "V$^{th}$ Amendment right to be free of unreasonable seizures." The Court will consider the claim as if properly brought under the IV$^{th}$ Amendment.

that the seizure was unreasonable because the officer did not have a warrant and the seizure did not fit into one of the exceptions to the warrant requirement. U.S. v. Crandell, 554 F.3d 79, 83-85 (3d Cir. 2009); Terry v. Ohio, 392 U.S. 1, 20 (1968).

The Court must first determine whether Tolan was "seized by the police" within the meaning of the Fourth Amendment. U.S. v. Williams, 413 F.3d 347, 352 (3d Cir. 2005). An individual is not "seized" in violation of the Fourth Amendment "simply because a police officer approaches [him] and asks a few questions." Florida v. Bostik, 501 U.S. 429, 434 (1991). Rather, a seizure occurs only "when [a police officer], by means of physical force or show of authority, has in some way restricted the liberty of a citizen." Terry, 554 F.3d at 19-20. The "show of authority" test is objective, not focusing on whether an individual "perceived that a police officer ordered him to restrict his movement," but rather on whether the "police officer's words or actions would have conveyed that to a reasonable person in light of the surrounding circumstances." U.S. v. Crandell, 554 F.3d at 84 (quoting California v. Hodari D., 499 U.S. 621, 628 (1991)). Absent such evidence, otherwise inoffensive contact between the police and the citizen cannot, as a matter of law, amount to a seizure of that individual. Id. at 554-55.

Tolan alleges that Officer Fedorchak unreasonably seized him on August 2, 2006 during their encounter inside Schreiber's Deli, thus violating his Fourth Amendment rights. Tolan asserts that Officer Fedorchak entered the deli and told Tolan to come with him to the police station on the basis of two outstanding warrants. When Tolan informed Officer Fedorchak that he paid the outstanding bench warrants but could not produce the receipts at that time, Officer Fedorchak agreed to seek confirmation on the warrants prior to taking Tolan to the police station. Another officer on the scene, Officer Campbell, confirmed the validity of the warrants with Oradell Police Headquarters.

7

Tolan suggested that he had the receipts at home and would bring them to the police station later in the day. Officer Fedorchak refused to permit Tolan to leave in light of his belief that Tolan was the subject of active warrants. Officer Fedorchak's demand that Tolan accompany him to Police Headquarters, and his refusal to permit Tolan to leave the deli, constitute a show of authority that amounts to a seizure under the Fourth Amendment.

To support a Fourth Amendment claim, a plaintiff must also show that the seizure was unreasonable. Here, Officer Fedorchak had no basis to seize Tolan upon entering the deli beyond his belief that there were outstanding warrants. Tolan claims, however, that the warrants were already satisfied at the time of the arrest. Courts in this Circuit have held that "[an] arrest based on a good faith but mistaken belief that a warrant exists lacks probable cause and violates the Fourth Amendment." Morrison v. Lambie, 08-242; 2009 U.S. Dist. LEXIS 21871 at *10 (W.D.Pa. March 12, 2009) (internal citations omitted); see also Berg v. Country of Allegheny, 219 F.3d 261, 273 (3d Cir. 2000); Rogers v. Powell, 120 F.3d 446, 455 (3d Cir. 1997). The mere fact that a warrant was issued at some point in time does not supply probable cause for an arrest if the warrant is no longer outstanding. See id. Taking the facts as asserted by Tolan, Officer Fedorchak's seizure of Tolan was unreasonable and in violation of the Fourth Amendment.

Notwithstanding the potential Fourth Amendment violation, Defendants' motion for summary judgment must be granted. For the reasons stated below in Section III.A.3, Officer Fedorchak is entitled to qualified immunity as a matter of law, and therefore, Plaintiff's Fourth Amendment claim must be dismissed. See Orsatti v. N.J. State Police, 71 F.3d 480, 482-83 (3d Cir. 1995) (granting Defendants' motion for summary judgment based on the applicability of qualified immunity to their arrest of Plaintiff); Karnes v. Skrutski, 62 F.3d 485, 491-92 (3d Cir. 1995).

8

2. *Tolan's Due Process Claim*

Tolan next argues that Officer Fedorchak arrested him without probable cause, thus violating the due process clause of the Fourteenth Amendment. Tolan, however, cannot seek recovery by alleging that his due process rights were violated where his cause of action is properly adjudicated under the Fourth Amendment. As the Court in Berg v. County of Allegheny explained,

> The Supreme Court has held that when government behavior is governed by a specific constitutional amendment, due process analysis is inappropriate. Although not all actions by police officers are governed by the Fourth Amendment, the constitutionality of arrests by state officials is governed by the Fourth Amendment rather than due process analysis.

Berg v. Country of Allegheny, 219 F.3d 261, 273 (3d Cir. 2000); Albright v. Oliver, 510 U.S. 266, 273 (1994).

In Albright v. Oliver, 510 U.S. 266, 269 (1994), the plaintiff brought a Section 1983 claim against a police officer alleging that the officer had violated his Fourteenth Amendment due process rights by instituting an arrest without probable cause. Id. The plaintiff's claim was grounded in substantive due process as opposed to the Fourth Amendment. Id. at 271. The Supreme Court rejected this claim, holding that "[w]here a particular Amendment 'provides an explicit textual source of constitutional protection against a particular sort of government behavior, 'that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims.'" Id. at 273 (quoting Graham v. Connor, 490 U.S. 386, 395 (1989)). The Court found that there is no reason to expand substantive due process where there is already a specific Amendment that covers the challenged government conduct. Id.

Here, a specific Constitutional provision, the Fourth Amendment, "provides [Plaintiff with]

an explicit textual source of constitutional protection" against unlawful seizures. Albright, 510 U.S. at 271. This Court, therefore, need not separately address Tolan's Fourteenth Amendment due process claim.

   3. *Qualified Immunity*

As noted above, Officer Fedorchak is entitled to qualified immunity, and Defendants' motion for summary judgment must be granted as to Tolan's 1983 claim. Government officers are entitled to qualified immunity "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). The inquiry consists of two parts. The first question is whether Officer Fedorchak's conduct violated clearly established law. Berg v. Country of Allegheny, 219 F.3d 261, 272 (3d Cir. 2000). The second question is whether a reasonable police officer in Officer Fedorchak's position would believe his conduct was lawful, in light of the information he possessed at the time. Id.

As discussed above, Officer Fedorchak's arrest was without a warrant or probable cause, and in violation of Plaintiff's Constitutional rights. Therefore, here, the only question is whether "a reasonable officer could have believed that his or her conduct was lawful, in light of the clearly established law and the information in the officer's possession." Berg, 219 F.3d at 272.

Instructive in this case is the Supreme Court's decision in Anderson v. Creighton, 483 U.S. 635 (1987). In Anderson, an FBI agent performed a warrantless search of the plaintiff's home because he believed a bank robber was present. Id. The court noted that while the general right to be free from warrantless searches is beyond question, "[i]t simply does not follow immediately . .

. [that the agent's warrantless] search was objectively legally unreasonable." Id. at 641. Inevitably, there will be circumstances where law enforcement officers will conclude, reasonably but mistakenly, that a search or seizure would be proper under the circumstance. Id. Thus, a law enforcement officer cannot be held liable if "a reasonable officer could have believed" that his or her challenged conduct was lawful, "in light of clearly established law and the information the . . . officer possessed." Id.; see also Karnes v. Skrutski, 62 F.3d 485, 491-92 (3d Cir. 1995).

Applying this standard to the instant case, Officer Fedorchak's conduct was objectively reasonable. Officer Fedorchak approached Tolan based on his understanding that there was an outstanding warrant for Tolan's arrest. When Tolan denied that he was the subject of any outstanding warrants out for his arrest, Officer Fedorchak contacted the Oradell Police Department. Officer Fedorchak received confirmation that there were two outstanding warrants, and proceeded with the arrest. Berg v. County of Allegheny, 219 F.3d 261, 273 (3d Cir. 2000) ("[W]e have generally extended immunity to an officer who makes an arrest based on an objectively reasonable belief that there is a valid warrant."); Rogers v. Powell, 120 F.3d 446, 455 (3d Cir. 1997) ("Where a police officer makes an arrest on the basis of oral statements by fellow officers, [that] officer will be entitled to qualified immunity . . . provided it was objectively reasonable for him to believe, on the basis of the statements, that probable cause for the arrest existed."). In light of the information provided by the Defendants,[4] Officer Fedorchak's actions were objectively reasonable and he is

---

[4] The deposition of Officer Fedorchak, Offier Accardi's police report, and the statement of an eyewitness, indicate that Officer Fedorchak confirmed the status of the warrants with Oradell Police Headquarters. Tolan offers no evidence to dispute these statements. The law is clear that a "[p]laintiff cannot resist a properly supported motion for summary judgment merely by restating the allegations of his complaint, but must point to concrete evidence in the record See Celotex v. Catrett, 477 U.S. 317, 322 (1986). Here, the moving party has provided evidence

entitled to qualified immunity. As Tolan has not raised a question of material fact on this issue, Officer Fedorchak is entitled to immunity as a matter of law. See Orsatti v. N.J. State Police, 71 F.3d 480, 482-83 (3d Cir. 1995) (granting Defendants' motion for summary judgment based on the applicability of qualified immunity to their arrest of Plaintiff). Defendants' motion for summary judgement is granted as to Plaintiff's Fourth Amendment claim.

    4.    *The Boroughs of Oradell and Emerson's Liablility under 42 U.S.C. § 1983*

Tolan alleges that the Boroughs of Oradell and Emerson failed to "adequately train and supervise their police officers, and [] tolerated and allowed a pattern and practice of police officers illegal and extra-legal conduct." To hold a municipality liable for damages pursuant to Section 1983, a plaintiff "must identify a municipal policy or custom that amounts to deliberate indifference to the rights of people with whom the police come into contact." Carswell v. Borough of Homestead, 381 F.3d 235, 244 (quoting City of Canton, 489 U.S. at 385). This requires proof of a pattern of underlying constitutional violations. Berg v. County of Allegheny, 219 F.3d 261, 276 (3d Cir. 2000). Although possible, proving deliberate indifference absent such a pattern is a difficult task. Id. In addition to deliberate indifference, a plaintiff must establish that the policy or custom in question caused the violation of a constitutional right. Carswell, 381 F.3d at 244.

Here, Tolan does not present any evidence indicating that the Boroughs of Oradell and Emerson failed to adequately train or supervise their police officers which would amount to deliberate indifference. Tolan also fails to demonstrate any pattern of underlying constitutional violations that should have alerted the Boroughs to an inadequate training program. Tolan merely asserts that the municipalities "failed to exercise supervision and control over the officers." Thus,

---

supporting an affirmative defense and Tolan has offered no response.

the Court finds that Tolan failed to present evidence from which a reasonable jury could find the municipalities liable.

> **B.   Plaintiff's 42 U.S.C. § 1985 Claim**

42 U.S.C. § 1985(3) prohibits conspiracies predicated on "racial, or perhaps otherwise class-based, invidiously discriminatory animus." Ridgewood Bd. of Educ. v. N.E. ex. rel. M.E., 172 F.3d 238, 253 (3d Cir. 1999) (quoting Griffin v. Breckenridge, 42 U.S. 88, 102 (1971)). To state a claim under 42 U.S.C. § 1985(3), the plaintiff must allege "(1) a conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons. . . [of] the equal protection laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States." Lake v. Arnold, 112 F.3d 682, 685 (3d Cir. 1997). A party opposing summary judgment, "must present more than just 'bare assertions, conclusory allegations or suspicions' to show the existence of a genuine issue." Podobnik v. U.S. Postal Serv., 409 F.3d 584, 594 (3d Cir.2005); see Fletcher v. Hook, 446 F.2d 14, 16 (3d Cir. 1971)(stating that "broad and conclusory statements unsupported by factual allegations are not sufficient to support a cause of action under the Civil Rights Acts").

Here, the alleged cause of action under 42 U.S.C. § 1985 is not supported. Tolan merely alleges that Officers Fedorchak, Doyle, and John Doe #1 conspired "amongst and between themselves on July 31, 2005, to deprive Tolan of his constitutionally guaranteed civil rights." Tolan's Complaint does not assert or describe how the alleged conspiracy was motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons of the equal protection laws. Such a broad and conclusory statement unsupported by

13

factual evidence is not sufficient to support Tolan's cause of action under 42 U.S.C. § 1985. Therefore, summary judgment is appropriate.

### C. Tolan's Tort Claims

Tolan generally raises claims of negligence, assault and false arrest. All of Tolan's federal claims have been dismissed and therefore, the Court declines to exercise jurisdiction over the remaining claims based solely on state law. The Court's authority over Tolan's state law claims was based on supplemental jurisdiction as provided for in 28 U.S.C. § 1367(a). 28 U.S.C. § 1367(a) provides:

> Except as provided in subsection (b) and (c) or as expressly provided otherwise by Federal statute, any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

Supplemental jurisdiction is predicated upon a federal court first having original jurisdiction over related claims. Id. When a court loses original jurisdiction the court does not automatically waive supplemental jurisdiction. See Figueroa v. Buccaneer Hotel, 188 F.3d 172, 181 (3d Cir. 1999). This Court, however, will dismiss Tolan's remaining claims because they are predicated on state law and all of the federal claims were dismissed. See 28 U.S.C. § 1367(c)(3). Declining supplemental jurisdiction after all federal claims are dismissed is appropriate where there is neither apparent unfairness nor any overriding judicial interest. See Figueroa, 188 F.3d at 181. The Court finds no such judicial interest or unfairness here.

## IV.  CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is granted and Tolan's state law claims are dismissed. An appropriate Order accompanies this Opinion.

 S/ Dennis M. Cavanaugh<br>
Dennis M. Cavanaugh, U.S.D.J.

Date:      September  28 , 2009
Orig.:     Clerk
cc:        All Counsel of Record
           Hon. Mark Falk, U.S.M.J.
           File